## REID v YAGGI

Ohio Appeals, 9th Dist, Summit Co

No 3179.   Decided Nov 21, 1939

Sheck, Marsteller & Wendelken, Akron, for appellant.

Knowlton & Wilson, Akron, and Wilkin, Fisher & Limbach, New Philadelphia, for appellee.

## OPINION

By STEVENS, J.

This is an appeal on questions of law. The proceeding in the Common Pleas Court was one utterly unheard of by the members of this court. It involved the presentation, to the court, by the parties, upon an agreed statement of facts, of the jury question as to whether the relationship of master and servant existed between the defendant, Yaggi, and the driver of the truck. The decision sought was something in the nature of a declaratory judgment upon one issue of a pending damage suit, although in terms a declaratory judgment was not asked.

By agreement of counsel, the question was submitted to the court, without the intervention of a jury, which decided the question presented in favor of Yaggi, and. the decision of that issue being controlling, rendered final judgment in favor of defendant, thereby entering such a final order as is reviewable by this Court.

The agreed statement of facts discloses the following:

On April 6, 1936, articles of incorporation were issued by the Secretary of State of Ohio to Yaggi Dairies, Inc., which corporation was to have its principal office and place of business in the city of Akron, Ohio. Thereafter, and prior to the occurrences under consideration. a certificate for 50 shares of the capital stock of the corporation was issued to Joseph Yaggi, who. at the time of said. occurrences, was the owner thereof, that being all of the stock issued by said company.

Previous to April 6, 1936, Joseph Yaggi purchased from W. H. Collins, trustee in bankruptcy, all of the equipment of the Quality Dairy Products Co.. bankrupt, for $2500 cash, and the assumption of mortgages in the amount of $5544.33.

Said equipment and property was thereafter turned over to Yaggi Dairies. Inc., for 50 shares of common stock without nominal or par value, having a declared value of $100 a share. Part of the property consisted of trucks—

# 488

bills of sale for which were executed to Yaggi Dairies, Inc., and the license plates for which were applied for by and issued to Yaggi Dairies, Inc.

Thereafter, a business was conducted at 191 East Exchange Street, Akron, Ohio, under the name of "Swiss Dairy Products Co."; the telephone and bank account were in the name of "Swiss Dairy Products Co."; all funds for business conducted were handled through the bank account of Swiss Dairy Products Co., and checks drawn upon that account were signed "Swiss Dairy Products Co., by_____, president, and _____, treasurer"; all the purchases of products used in the business were made under the name of Swiss Dairy Products Co., and payments therefor were made from the aforementioned bank account, and "all financial operations of the business at 191 East Exchange Street, Akron, Ohio, were carried on in the name of 'Swiss Dairy Products Co.'"; and Yaggi Dairies, Inc., never had any bank account in its name.

At the time of the collision mentioned in the petition, the driver of the truck, Charles Lawrence, was engaged in hauling cream from the vicinity of New Philadelphia, and was acting within the scope of his employment, for which he was paid from money obtained from the aforesaid account of Swiss Dairy Products Co.; H. F. Lawrence, as general manager, had the right to hire and fire employees, and hired the driver of the truck, and, as general manager, directed him to make the trip he was making at the time of the accident; and at said time Joseph Yaggi was the owner of a dairy and cheese factory at New Philadephia, Ohio, operated under the name of Yaggi Dairy, and also of a business in York Township, Tuscarawas County, Ohio, which was called Yaggi Dairy.

From our study of the agreed statement of facts, we are of the opinion that the agreed facts, together with the inferences properly deducible therefrom, indicate that Yaggi Dairies, Inc., never operated any business, unless holding title to said personal property

and procuring the licenses for said trucks could be considered doing business. However, such dairy business as was transacted at 191 East Exchange Street. was, in our opinion, transacted by Joseph Yaggi, doing business as Swiss Dairy Products Co., and not by Yaggi Dairies, Inc., a corporation.

It is the unanimous opinion of the members of this Court that the judgment of the trial court, finding that the operator of the truck, Charles Lawrence, was not the employee of Joseph Yaggi, individually, is manifestly against the weight of the evidence, and should therefore be reversed.

The judgment will be reversed, and the cause remanded for further proceedings according to law.

WASHBURN, PJ. and DOYLE, J., concur.